# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cr-60012-BLOOM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

SALVATORE COLONNA,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Defendant Salvatore Colonna's ("Defendant") Renewed Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), ECF No. [78] ("Motion"). The Government filed its Response, ECF No. [80] ("Response"), to which Defendant replied, ECF No. [81] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion is denied.

## I.  BACKGROUND

On August 31, 2018, Defendant pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. ECF No. [59]. On November 30, 2018, Defendant was sentenced to a term of imprisonment of 78 months, followed by a three-year term of supervised release. ECF No. [71]. Currently, Defendant is housed at the Miami Federal Correctional Institution in Miami, Florida, and he is scheduled to be released from custody in June 2024.

On May 20, 2020, Defendant filed an initial motion for compassionate release requesting a sentence modification to time served or home confinement. ECF No. [73]. This Court thereafter denied that motion. ECF No. [76] ("Order"). Defendant now files this renewed Motion seeking

release into home confinement because the ongoing COVID-19 pandemic, together with his medical conditions, his previous COVID-19 infection, and the length of time already served, warrant a modification of his sentence. The Government opposes Defendant's request.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with almost 31,500,000 confirmed cases and more than 564,000 reported deaths as of April 19, 2021.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the BOP to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General makes an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Apr. 19, 2021).

to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597,

605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks compassionate release, pursuant to § 3582(c)(1)(A), which states:

(c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
 (i) extraordinary and compelling reasons warrant such a reduction . . . .
 . . . .
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

As has been recognized by various courts, the Sentencing Commission ("Commission") has not implemented a new policy statement following the First Step Act. *See United States v. Brown*, 411 F. Supp. 3d 446, 449 n.1 (S.D. Iowa 2019) (collecting cases). Rather, the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.4 (U.S. Sent'g Comm'n 2018).

This leaves district courts in a conundrum. On the one hand, Congress unequivocally said it wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with *applicable* policy statements" from the Sentencing Commission. § 3582(c)(1)(A) (emphasis added). On the other hand, the Commission—unable to take any official action— has not made the policy statement for the old regime applicable to the new one.

*Id.* at 449.

While the Court of Appeals for the Eleventh Circuit has yet to address the issue,[2] four other circuits have recognized that the Commission lacks an applicable policy statement for when a district court can grant compassionate release, and have accordingly held that § 1B1.13 does not apply to cases where a defendant files a motion for compassionate release, rather than the BOP. *See United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020) ("[T]hough motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)."); *United States v. Jones*, 980 F.3d 1098, 1108-09 (6th Cir. 2020) ("[T]he passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release."); *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020) ("[T]he Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—'extraordinary and compelling reasons'—subject to deferential appellate review.").

> Courts across the country . . . still rely on § 1B.1.13 for guidance as to the "extraordinary and compelling reasons" that may warrant a sentence reduction. *See* [*United States v. Drummond*, No. 1:97-cr-0019 (N.D. Ga. Sept. 27, 2019)] (viewing § 1B.1.13 as "non-binding guidance"); *see also United States v. Solis*, No. 16-015-CG-MU, 2019 WL 2518452, at *2-3 (S.D. Ala. June 18, 2019); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). However, the Court is not *limited* to the technical requirements set forth in § 1B1.13 in assessing whether a defendant's application for compassionate release provides "extraordinary and compelling reasons" for a sentence reduction under §

---

[2]  *See United States v. Abreu*, No. 20-12208, 2020 WL 7774951, at *1 n.1 (11th Cir. Dec. 30, 2020) (noting that the Eleventh Circuit has "not issued a published opinion addressing several key issues about the First Step Act's recent amendments to § 3582(c)(1)(A)—like, for example, the standard of review, any procedural and jurisdictional requirements, or the definition of 'extraordinary and compelling circumstances'—although several cases have been classified for oral argument to resolve these questions. *See, e.g.*, *United States v. McKreith*, appeal no. 20-10450; *United States v. Bryant*, appeal no. 19-14267; *United States v. Friedlander*, appeal no. 19-13347.").

3582(c)(1)(A)(i). *See, e.g.*, [*United States v. Ullings*, No. 1:10-cr-00406, 2020 WL 2394096, at *2 (N.D. Ga. May 12, 2020)] (citing *United States v. Perez*, 451 F. Supp. 3d 288, 294 (S.D.N.Y. 2020)); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)."); [*United States v. Beard*, No. 1:16-CR-285-SCJ (N.D. Ga. June 25, 2020); *United States v. Kowalewski*, No. 2:13-CR-00045-RWS (N.D. Ga. Apr. 30, 2020); *United States v. Hill*, No. 1:05-CR-0081-LMM (N.D. Ga. June 10, 2020); *United States v. Noble*, No. 1:09-CR-315-MHC (N.D. Ga. Nov. 24, 2020)].

*United States v. Poulnott*, --- F. Supp. 3d ---, No. 1:89-cr-00001-AT-ALC-1, 2020 WL 7974295, at *3 (N.D. Ga. Dec. 30, 2020).

Upon review, the Court agrees with the reasoning of the Circuit Courts across the country concluding that courts are not bound by § 1B1.13, and notes that this reasoning seemingly complements the Eleventh Circuit's recent observation that the policy statement in § 1B1.13 "'notably' has not been updated since the passage of the First Step Act and refers only to motions filed by the Director of the Bureau of Prisons." *United States v. Hewlett*, No. 5:93-CR-00137-SLB-SGC-2, 2020 WL 7343951, at *4 (N.D. Ala. Dec. 14, 2020) (quoting *United States v. Gist*, No. 20-13481, 2020 WL 7227282, at *1 (11th Cir. Dec. 8, 2020)). Thus, while § 1B1.13 provides useful guidance for addressing motions for compassionate release, the Court concludes that it is not bound by this guidance.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

*First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* *Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Defendant's Motion requests a sentence modification to home confinement based on his advanced age and his underlying medical conditions, which he contends place him within the most at-risk demographic for being re-infected by the new strains of COVID-19. The Government opposes Defendant's Motion, arguing that Defendant has failed to present any extraordinary or compelling circumstances that would justify a sentence modification and that the § 3553(a) factors weigh against his release. As an initial matter, however, it is worth noting that there appears to be no dispute that Defendant has exhausted his administrative remedies based on the BOP's December 17, 2020 denial of his request for compassionate release. ECF No. [78] at 60. Nevertheless, the Court concludes that Defendant's Motion must still be denied in light of the absence of extraordinary and compelling circumstances and the fact that the applicable sentencing factors do not weigh in favor of his release.

Regarding the extraordinary and compelling circumstances, Defendant notes that he is seventy-one years old and that he suffers from osteoarthritis, GERD, and a hip issue, and that he

takes medication for his osteoarthritis and GERD. Moreover, in addition to his medical conditions, which are the same medical conditions he cited in his original motion for compassionate release, Defendant also states that extraordinary and compelling circumstances exist because he contracted COVID-19 at the end of 2020, and he was "just [] shaking off the remnants of his first COVID-19 infection" at the time of drafting the instant Motion in late February 2021. ECF No. [78] at 6. Thus, the only additional circumstance cited by Defendant in this renewed Motion is the possible "second round" of infection, which Defendant believes poses an existential threat to his wellbeing. *Id.* The Court reemphasizes that it is sympathetic to Defendant's medical conditions and his concerns regarding COVID-19 outbreaks in prison facilities. Nevertheless, the Court notes that Defendant was being treated with medication for his medical conditions at the time of his original motion for compassionate release[3] and he does not assert that his conditions are significantly deteriorating at this time. Additionally, Defendant acknowledges that he has now recovered from COVID-19,[4] and the BOP's website reports that no inmates at FCI Miami currently have tested positive for COVID-19.[5] Accordingly, there is no basis to depart from the Court's previous Order finding that no extraordinary and compelling circumstances exist. *See* ECF No. [76] at 7-8; *see also United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for

---

[3] No new medical records have been submitted to the Court in support of this Motion; however, the previously filed medical records establish that Defendant was receiving medication for his medical conditions. *See, e.g.*, ECF No. [75-2]; ECF No. [77-1] at 6.

[4] Although Defendant states that he tested positive for—and subsequently recovered from—COVID-19, and the Government does not dispute this statement, neither party has submitted the medical records relating to Defendant's COVID-19 infection.

[5] *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 16, 2021).

extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")).

Furthermore, as set forth in its original Order, the Court is similarly unpersuaded that the relevant sentencing factors weigh in favor of granting Defendant a sentence modification in this case. The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, this Court concluded that a term of imprisonment of seventy-eight months was appropriate in light of all of the relevant § 3553(a) considerations, including Defendant's medical conditions. *See* ECF No. [59] at 13-14 (pre-sentence investigation report detailing Defendant's medical conditions). Notably, Defendant has served less than three years of his sentence. Further, as discussed above, Defendant has failed to present any extraordinary or compelling circumstances that would justify reconsidering the length of sentence previously imposed. *See United States v. Post*, No. 15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors,

"the Court's analysis is virtually unchanged from thirteen years ago.").

Additionally, as the Government correctly notes in its Response, the nature and severity of Defendant's offense does not support a sentence modification. Defendant was convicted for his involvement in a multiyear scheme to obtain over $16 million from investors across the nation by knowingly making fraudulent misrepresentations about investing in precious metals and the resulting dividend payments promised to investors in return. Defendant was the lead broker involved in defrauding these investors, and he made approximately $3 million by earning commissions of up to 40% from the funds elicited from the victims of this fraudulent scheme. Many of Defendant's victims suffered substantial financial hardship as a result of Defendant's conduct, including elderly victims' loss of their retirement savings and one victim's loss of $1 million and his farm. Another victim committed suicide due to the losses he sustained. *See generally* ECF Nos. [58] and [69]. Defendant's lengthy fraudulent scheme resulted in severe financial hardship and harm to numerous victims across the country, and granting a sentence modification would not serve the interests of justice by providing just punishment, promoting respect for the rule of law, and/or affording adequate deterrence from criminal conduct, especially in the absence of any extraordinary and compelling circumstances that would alter the Court's original consideration of the applicable sentencing factors in this case. Thus, the Court finds that the applicable § 3553(a) factors weigh against modifying Defendant's sentence.

In sum, because Defendant has not established that extraordinary and compelling reasons exist to justify his requested sentence modification or that the applicable sentencing factors support his early release,[6] the Motion is denied.

---

[6] Because Defendant's Motion fails to establish the other considerations under the compassionate release analysis, the Court need not address the final consideration of whether Defendant poses a danger to the community under § 3142(g).

Case No. 18-cr-60012-BLOOM

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [78]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 20, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Salvatore Colonna
17031-104
Miami Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177